UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:10-CV-00074-R

HARRY T. YOUNG                                                                                    PLAINTIFF

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE, et al.,                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter first came before the Court upon Defendants' Motion to Dismiss (DN 30). During the pendency of that motion, Plaintiff filed an Amended Complaint, obviating a number of the Defendants initial objections (DN 42). Plaintiff has also filed a response to Defendants' Motion to Dismiss in light of the changes contained within the Amended Complaint (DN 47). The time for Defendants to file a reply has passed. This motion is now ripe for adjudication. For the reasons that follow, Defendants' Motion is DENIED.

## BACKGROUND

Plaintiff Harry T. Young originally filed this action, *pro se*, against a litany of federal agencies and federal employees protesting the 2005 foreclosure of his farm. He has since retained counsel and filed an Amended Complaint, simplifying the parties to this action and his alleged theories of recovery. Young brings suit against the United States Department of Agriculture ("USDA") and a number of its employees, including Tom Vilsack, Pearlie Reed, Lloyd Wright, Carl Ruiz-Martin, Joseph Wathen, and Joe Leonard. He also proceeds against the United States Department of Justice ("DOJ"), the U.S. Attorney General, Eric Holder, and Michael Spalding, who is an Assistant United States Attorney in Louisville, Kentucky

(collectively "DOJ Defendants").

Young is an African-American farmer that, until July of 2005, owned some 289 acres of farmland near Utica, Kentucky (the "farm"). Previously, he had sought loans from the Farm Service Agency ("FSA"), under the regulatory umbrella of USDA, receiving at least one that he claims was collateralized by his farm machinery. On July 5, 2005, Young avers that the USDA and FSA foreclosed on the farm without any advanced notice and that he was forcibly removed from the property. He further declares that after his eviction, the USDA and FSA twice rejected his offers to pay off the balance of the loan.

On the basis of this narrative, Young advances that this foreclosure and eviction violated a number of his statutory and constitutional rights. Specifically, he claims violations of the Equal Credit Opportunity Act ("ECOA"), the Administrative Procedure Act ("APA"), and his rights under the Fifth Amendment. He also says that several Defendants have conspired to interfere with his civil rights, in violation of 42 U.S.C. § 1985. Finally, Young alleges fraud and negligent retention claims against the DOJ Defendants.

Defendants move for dismissal citing the doctrine of *res judicata*. They argue that in October of 2006, Young pursued a very similar action ("2006-Litigation") in this very Court "seeking to undo the foreclosure and sale of his property."[1] DN 30-1 at 2. In this prior matter, Young took action against the USDA and FSA, claiming that a fraud had been perpetrated upon him by the agencies and citing *Pigford v. Glickman*, 206 F.3d 1212 (D.C. Cir. 2000), a class

---

[1] Defendants also allege that Young has filed a total of six lawsuits in the Western District of Kentucky stating similar grievances. For the purposes of this motion however, only the 2006-Litigation is discussed. As for the other cases, according to the record before the Court, two more were resolved in this district without a final decision while another is still pending.

action by minority farmers that examined discriminatory lending practices by these two agencies. Complaint at 2, *Young v. U.S. Dep't of Agric.*, 4:06-cv-00138, (W.D. Ky. October 30, 2006).[2] The court eventually chose, on the defendants' motion, to dismiss Young's complaint, in large part because his claims had previously been adjudicated under *Pigford*. *Young*, No. 4:06-cv-00138 (W.D. Ky. March 14, 2007) (order dismissing action). The Sixth Circuit Court of Appeals upheld this dismissal. In the instant action, Defendants now claim that this dismissal indicates that his current claims have been confronted and rejected by this Court. As such, they aver that this matter is barred by *res judicata*.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555

---

[2] In examining this motion to dismiss, the Court has take judicial notice of a number of documents filed in Young's prior suit. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (district courts may take judicial notice of reliable public documents in examining a motion to dismiss); *Bradfield v. Corr. Medical Servs.*, No. 1:07-CV-1016, 2008 WL 5685586, *3-4 (W.D. Mich. July 3, 2008) (same); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 971-72 (W.D. Mich. 2003) (same).

(internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## DISCUSSION

### I. Res Judicata

With successive federal actions, this circuit has chosen to apply the federal common law of *res judicata* rather than the law of the state in which the district court sits. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213-14 (6th Cir. 1996). The overall doctrine can be broken down into two smaller legal theories, claim preclusion and issue preclusion. While the latter seeks to bar only particular issues previously litigated between participating parties, "claim preclusion applies not only to bar the parties from relitigating issues that were actually litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." *Id.* at 214. The party asserting this affirmative defense must demonstrate the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

4

In rejecting this basis for dismissal, the Court first notes that while the 2006-Litigation involved only the USDA and FSA, the instant action brings suit against eight parties who were not previously named. Federal courts define the same-party requirement as precluding litigation against "a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir. 1992)). As the new Defendants do not fall within any of these categories, and as many of the parties are currently being sued in their individual capacities or were unnamed in the 2006-Litigation, the party-element has not been satisfied.

In addition, the Court does not believe that there is an "identity of the causes of action" between the pending matter and the 2006-Litigation. To establish this element, Defendants must show "an identity of the facts and events creating the right of action and of the evidence necessary to sustain each action." *Dover v. United States*, 367 F. App'x. 651, 654 (6th Cir. 2010) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)). In 2006, Judge McKinley provided the following rationale for dismissing Young's complaint:

> The Court has reviewed the Defendant's motion and finds that the Plaintiff has not stated a claim upon which relief can be granted. Plaintiff is precluded by the terms of the Pigford consent decree from re-litigating issues which were raised or could have been raised there. Plaintiff's concerns regarding the fairness of the administration of the Pigford consent decree should be raised before the court overseeing that litigation. Any of the Plaintiff's claims not precluded by the Pigford decree are long since barred by the statute of limitations. Furthermore, Plaintiff's claims for money damages based on constitutional violations is barred by sovereign immunity.

*Young*, No. 4:06-cv-00138, at 3 (W.D. Ky. March 14, 2007) (order dismissing action). This

5

language reveals that the prior lawsuit was dismissed for several different reasons, however primarily because it was construed as an extension of the *Pigford* litigation. That cannot be said of this action. Here, Young brings this case on bases independent of *Pigford* that rose specifically from the allegedly improper taking of the farm. Although the complaint of the 2006-Litigation did indeed protest the seizure of his farm, the above stated language from the order illustrates that Judge McKinley did not expressly distinguish between the parts of Young's action that were barred by *Pigford*'s earlier decision rather than other legal theories. Nor can this Court read Judge McKinley's prior order and determine with certainty whether it was decided on the same evidence. In fact, with Young's sparse and ill-pled complaint in the 2006-Litigation, the Court is incapable of deciphering exactly what evidence the previous dismissal is founded upon. As this Court must construe Young's complaint liberally in his favor in light of the Rule 12(b)(6) standard, it believes that this final element of claim preclusion has not been met as well.

For these reasons, claim preclusion in favor of Defendants is inappropriate.

**II. Other Grounds Offered for Dismissal**

In addressing Young's original complaint, Defendants cited a number of other grounds for dismissal under Rule 12(b)(6), not limited to misstated claims under 42 U.S.C. § 1983, sovereign immunity issues, and the citation of irrelevant criminal statutes. These issues however have been rendered moot by Plaintiff's amended complaint. Accordingly, the Court does not examine these reasons for dismissal.

**CONCLUSION**

In denying this Motion to Dismiss, the Court recognizes that a number of Young's claims appear barred by the statute of limitations, and may be subject to dismissal under other legal

6

theories. However, after scrutinizing the facts at hand and the relevant filings from the 2006-Litigation, the Court does not believe that the current matter is barred by claim preclusion. For the foregoing reasons, IT IS ORDERED THAT Defendant's Motion to Dismiss (DN 30) is DENIED.